[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2011
JOHN LEY
CLERK

No. 10-13040
Non-Argument Calendar
_____

D.C. Docket No. 0:05-cr-60172-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID EDME,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2011)

Before CARNES, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

David Edme appeals his sentence of 36 months of imprisonment following

the revocation of his supervised release. 18 U.S.C. § 3583(e)(3). Edme argues

that the evidence was insufficient to find that he had violated state laws and that his sentence is unreasonable. We affirm.

In April 2010, Edme's probation officer petitioned to revoke Edme's supervised release for violating three conditions of his release: (1) being arrested for violating two Florida laws; (2) failing to complete monthly reports and submitting false information in a probation report; and (3) associating with a person engaged in criminal activity. Edme denied the charges.

Edme's presentence investigation report detailed his criminal history, which included convictions in district court for conspiring to defraud financial institutions, id. § 1349, and in a Florida court for four counts of possessing counterfeit license plates and one count of possessing a driver's license issued unlawfully. Edme had a warrant outstanding for his arrest for aggravated assault with intent to commit a felony and obstructing a law enforcement officer with violence. Edme also had been arrested, but not charged, for aggravated assault with a firearm, using a firearm during the commission of a felony, two counts of carrying a concealed weapon, and second degree grand theft.

At Edme's revocation hearing, Detective Juan Bolcine testified that he stopped a car that Edme was driving, but was registered to Yvonne Perrier. Edme said Perrier was his girlfriend, and Edme consented for Bolcine to search the car.

Bolcine found a check issued by the U.S. Treasury that was made payable to Cynthia Aleman concealed in the visor above the passenger seat where Jesse Claude Jean-Baptiste was sitting. Jean-Baptiste stated that his cousin had given him the check, but Jean-Baptiste could not name his cousin. Bolcine searched the rest of the car and discovered in the driver's side console two debit cards that had been issued to Lina Oliver and April Harmon. Edme said he was holding the cards for a friend, but he did not name his friend and did not know what names were printed on the debit cards. After Bolcine arrested Edme, Bolcine arrested Jean-Baptiste and seized from him a document containing the names, birthdays, and social security numbers of 30 persons. Jean-Baptiste claimed responsibility for the treasury check and the list of personal identification information. Bolcine spoke to Aleman, Oliver, and Harmon, all of whom said they did not know Edme or Jean-Baptiste, and Oliver and Harmon told Bolcine that their bank accounts had been compromised.

The district court found Edme not guilty of failing to submit reports to his probation officer, but the district court found that Edme violated his supervised release by violating state laws and by associating with someone involved in criminal activity. The district court found Edme "guilty of violating both Florida Statute 817.568 and 817.60(5)," and the district court explained "that if [Edme]

3

were only violative of one of the two, not both, that it would . . . make no difference." The district court sentenced Edme to 36 months of imprisonment, and the district court explained that "whether the guidelines are six to twelve months or four to ten months, the court would impose the same sentence," which "is a variation from the guideline range."

The district court did not abuse its discretion by revoking Edme's supervised release. Edme argues the evidence was insufficient to find that he violated state laws, but we disagree. The record supports the findings that Edme knowingly possessed stolen debit cards and fraudulently used them. The district court also found that Edme violated his supervised release by associating with someone engaged in criminal activity, and Edme does not challenge that finding.

The district court also imposed a reasonable sentence. The district court found, based on Edme's refusal to comply with the conditions of his release, that a term of imprisonment exceeding the advisory guideline range was "necessary . . . to protect the public from further criminal activity," and to "promote respect for the law and deter other individuals" from committing similar future crimes. 18 U.S.C. §§ 3583(e), 3553(a). "[A]t revocation the [district] court should sanction primarily the defendant's breach of trust." U.S. Sentencing Guidelines Manual, ch. 7, pt. A, introductory cmt. 3(b). The district court reasonably determined that

Edme's crimes and association with someone involved in "the same old tricks" while on supervised release warranted an upward variance. The district court did not abuse its discretion.

Edme's sentence is **AFFIRMED**.